UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BECKY BADON** | **CASE NO. 6:21-CV-01525** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DOLGENCORP LLC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### MEMORANDUM RULING

The present matter before the Court is the Motion for Summary Judgment [ECF No. 17] filed by DG Louisiana, LLC ("Dollar General"). Plaintiff Becky Badon opposes the motion.

### I.
### BACKGROUND

Badon alleges that she sustained severe injuries as a result "slip and fall" on January 6, 2020, at the Dollar General store located at 3741 W. Pinhook Road in Broussard, Louisiana.[1] Specifically, Badon alleges that, as she was walking through the store, "she fell due to a wet and oily substance that had spilled on the floor."[2] On December 22, 2020, Badon filed a petition in the 15th Judicial District Court for the Parish of Lafayette against DG Louisiana, LLC and Dolgencorp, LLC.[3] Dollar General subsequently removed the case to federal court based on diversity jurisdiction, and filed the present motion arguing that Badon cannot establish an essential element of her claim under Louisiana law.

---

[1] ECF No. 1.
[2] *Id.* at ¶ 5.
[3] *Id.*

1

## II.
### SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[4] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[6] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[7]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[8] "Credibility determinations are not part of the summary judgment analysis."[9] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the

---

[4] Fed. R. Civ. P. 56(a).
[5] *Id.*
[6] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[7] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[8] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[9] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

existence of an element essential to that party's case, and on which that party will bear the burden of proof."[10]

## III.
## LAW AND ANALYSIS

Because subject matter jurisdiction in the present case is grounded on diversity, Louisiana law governs Badon's claims.[11] The Louisiana Merchant Liability Act, La. R.S. 9:2800.6, supplies the relevant standard governing Badon's claims:

>    A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
>    B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
>    (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
>    (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
>    (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
>    C. Definitions:
>
>    (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice,

---

[10] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catlett*, 477 U.S. 317, 322 (1986)).
[11] *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.[12]

Dollar General argues that Badon cannot establish that Dollar General either created a dangerous condition—the slippery substance that allegedly caused her fall—or that Dollar General had actual or constructive notice of the condition prior to Badon's accident. In support of its position, Dollar General submitted excerpts from the depositions of Badon as well as Rose Menard, Badon's sister; Menard was present at the time of the incident.[13] Both Menard and Badon testified that Badon slipped on a clear, slippery liquid but neither could identify the substance.[14] Further, neither saw the substance prior to the incident and did not know how the substance got on the floor, nor how long the substance had been present.[15] There is no evidence that Dollar General created the spill.

Badon argues that the evidence in the summary judgment record is sufficient to create a triable issue whether Dollar General had constructive notice of the spill that allegedly caused her fall and injuries. A plaintiff may show constructive notice of a dangerous condition with evidence that "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."[16] The Louisiana Supreme Court has addressed the constructive notice provision of La. R.S. 9:2800.6 and found that the statute clearly contains a mandatory temporal element.[17] The supreme court explained this temporal element as follows:

> The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. ....
>
> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently

---

[12] La. R.S. 9:2800.6.
[13] ECF No. 17, Exhibit B, Deposition of Becky Badon, and Exhibit C, Deposition of Rose Menard.
[14] *Id.*
[15] *Id.*
[16] La. R.S. 9:2800.6(C)(1).
[17] *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 9/9/97).

4

lengthy that a merchant should have discovered the condition is necessarily a fact question; ***however, there remains the prerequisite showing of some time period.*** A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.[18]

Louisiana courts have also held that circumstantial evidence can be sufficient to satisfy the statutory requirement for constructive notice.[19]

Here, Badon alleges that the slippery substance that caused her fall was present on the floor for a substantial period of time because the substance allegedly stained the concrete floor of the store.[20] She argues that the *Lousteau* case supports her position.[21] In *Lousteau*, three separate witnesses testified at trial that the substance upon which the plaintiff slipped and fell was a dark green or brown substance which appeared to be stuck on floor for some time.[22] One of those witnesses, a K-Mart employee at the time of the incident, explained that since the floors are waxed, it takes a substantial amount of time for a substance to adhere to the floor.[23] The court concluded that the circumstantial evidence supported a finding that the substance had been present on the floor for a sufficient amount of time that K-Mart should have been aware of the risk had they exercised due care.[24]

Unlike *Lousteau*, Badon has not submitted evidence sufficient to create a triable issue as to constructive notice. In response to the motion for summary judgment, Badon submitted three photographs that purportedly show the floor area where she fell. According to Badon's opposition

---

[18] *Id.* (emphasis added).
[19] See *Lousteau v. K-Mart Corporation*, 871 So.2d 618 (La.App. 5 Cir. 3/30/04) and cases discussed therein.
[20] ECF No. 22, p.2.
[21] *Lousteau*, 871 So.2d 618 (La.App. 5 Cir. 3/30/04).
[22] *Id.*
[23] *Id.*
[24] *Id.*

brief, these photographs were taken by her sister, Rose Menard, on the day of the accident and the next day; these photographs purportedly depict the spot where Badon fell.[25] In her brief, Badon argues that these pictures show that the slippery substance that caused her fall stained the store's concrete floor. The flaw in Badon's argument is that there is no evidence in the summary judgment record establishing when the photographs were taken, that the photographs were taken at the location of the accident, or even if the photographs actually depict a stain on the floor. Badon attached no deposition testimony from Menard—or any other witness—establishing the context and timing of the photographs, or that the later photographs depict a stain on the floor at the same location as the slippery substance that allegedly caused Badon's fall. Badon's photographs appear to show light and dark areas on the concrete floor of the store.[26] However, without more, whether those discolorations reflect a stain on the floor that is located at the spot of the accident is purely speculative.[27] Unsupported arguments and representations of counsel in a brief are not competent summary judgment evidence.[28]

Finally, Badon refers to the store's surveillance video in an attempt to create a triable issue as to the temporal element of constructive notice. According to Badon's opposition brief, this video purportedly shows employees walking throughout the store but does not show the aisle of the store where Badon fell. Badon, however, argues that the surveillance video shows Dollar General

---

[25] ECF No. 22, Exhibits A and B.
[26] *Id.*
[27] In her opposition, Badon refers to a Home Depot "DIY Workshop" instructional web page on staining concrete. *See* ECF No. 22, FN 2. That instructional web page merely states that, for an acid-based concrete stain, the stain must remain on a concrete surface for at least six hours in order to properly stain. *Id.* Based on this instruction, Badon reasons that the slippery substance that caused her fall must have been on the floor for at least six hours to cause a stain. There are at least two flaws in Badon's argument. First, as explained previously, there is no evidence to create a triable issue that the substance that caused Badon's fall actually stained the floor. Second, there is no evidence in the summary judgment record that the substance that caused Badon's fall was an "acid-based" concrete stain. Accordingly, the Home Depot DIY Workshop cited by Badon cannot create a triable issue as to the length of time the slippery substance was on the floor of the Dollar General store.
[28] *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

employees walking around the store in areas near the location of her fall, and that these employees should have seen the substance on the floor and taken action to remove it before she was injured. The most glaring problem with this argument is that the surveillance video cited by Badon is not in the summary judgment record. Again, unsupported representations made by a lawyer in a brief are not competent summary judgment evidence.[29] Moreover, even if the video had been included in the record, it would not have created a triable issue on constructive notice based on Badon's description in her brief. As the Louisiana Supreme Court noted in the *White* case, "[w]ithout additional supporting evidence, a determination than an employee fifteen feet away 'could have noticed the spill' of a clear liquid that plaintiff and those accompanying her did not notice after having traversed the area twice, is an unsupported assumption."[30]

In sum, Badon has not submitted competent summary judgment evidence sufficient to create a genuine dispute of material fact as to an essential element of her claim. For that reason, the Motion for Summary Judgment [ECF No. 17] filed by Dollar General is GRANTED and Badon's claims are DISMISSED.

THUS DONE in Chambers on this 12th day of October, 2022.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[29] *Id.*
[30] *White*, 699 So.2d, at 1085-1086.